1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JARED M. THEOBALD,

Plaintiff,

v.

AMERICAN CANYON POLICE DEPT, et al.,

Defendants.

Case No. 19-cv-01072-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff, an inmate at Claybank Detention Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A. Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

1 necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

2 grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3 "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

4 than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

5 do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."

6 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must

7 proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

8      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a

9 right secured by the Constitution or laws of the United States was violated; and (2) that the

10 violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.

11 42, 48 (1988).

12 **B.**     **Complaint**

13      Plaintiff has named as defendants the following individuals: the lead police officer at

14 American Canyon Police Department; a physician at Napa County Detention Center, and the K-9

15 officer/handler at American Canyon Police Department. Dkt. No. 1 at 2.

16      The complaint makes the following allegations.

17      In the first claim, Plaintiff alleges that he was subjected to excessive force during his

18 arrest. Plaintiff alleges that when he was ordered to step out of the shed, he complied and clearly

19 told the officers that he was coming out hands up and unarmed. He exited the shed and lay face

20 down on the floor with his arms spread, per the officers' instructions. The K-9 officer stated,

21 "Next time, you'll stay on the other side of Mini Dr," and then allowed the K-9 to attack Plaintiff,

22 drag him, and pull at his lower left bicep. As the dog was attacking Plaintiff and Plaintiff was

23 pleading, "Get the dog, get the dog, I'm not resisting," another officer stated, "You wanna run

24 from us, well, welcome to American Canyon!" The K-9 attack left Plaintiff with severe and

25 debilitating injury to the nerves and tendons in his left arm, and limited rotation of his left

26 shoulder. There is limited chance of recovering full function in his left arm and shoulder. Dkt.

27 No. 1 at 3.

28      In the second claim, Plaintiff alleges that while he was incarcerated at Napa County

1   Detention Center, he was not provided with adequate medical care. He stated that the only care

2   provided was mild medication, cleansing of his wound, and dressing exchange. He did not receive

3   the necessary x-ray and MRI or bone scan to assess the extent of the damage to his left arm and

4   shoulder. Plaintiff also alleges that the doctor did not have the knowledge or ability to assess or

5   treat his injuries, and that he was not treated by an orthopedic specialist. As a result, his chances

6   for recovering function in his left arm and shoulder dropped dramatically. Dkt. No. 1 at 4.

7   **C.      Analysis**

8          Plaintiff's allegation that the K-9 officer/handler instructed the K-9 dog to attack him when

9   he was not resisting arrest and lying prone on the floor, and that another officer taunted him and

10  did nothing to prevent or stop the attack, states a cognizable § 1983 claim for use of excessive

11  force. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other*

12  *grounds by Graham v. Connor*, 490 U.S. 386 (1989) (allegation of use of excessive force by law

13  enforcement officer in effectuating arrest states valid 42 U.S.C. § 1983 claim); *Cunningham v.*

14  *Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000) (police officers may also be held liable if they

15  have an opportunity to intercede when their fellow officers violate constitutional rights of plaintiff

16  but fail to do so); *Bracken v. Chung*, 869 F.3d 771, 778 (9th Cir. 2017) (if there is affirmative

17  conduct on part of officers that places plaintiff in danger of reasonably foreseeable harm, then

18  officers have duty to intercede and will be liable if they are deliberately indifferent to plaintiff's

19  plight).

20         Liberally construed, Plaintiff's allegation that Napa County Detention Center failed to

21  provide the necessary treatment for his left shoulder and arm, and was incapable of providing

22  adequate treatment states a cognizable claim for deliberate indifference to his serious medical

23  needs, under either the Eighth Amendment (if he was incarcerated at Napa County Detention

24  Center pursuant to a conviction) or the Fourteenth Amendment (if he was incarcerated at Napa

25  County Detention Center as a pre-trial detainee). Deliberate indifference to a prisoner's serious

26  medical needs violates the Eighth Amendment's proscription against cruel and unusual

27  punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Where the inmate-patient is a

28  pretrial detainee rather than a convicted prisoner, his right to be from deliberate indifference to his

1   serious medical needs derives from the Fourteenth Amendment's Due Process Clause rather than

2   the Eighth Amendment's Cruel and Unusual Punishments Clause. *See Gibson v. County of*

3   *Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).

4   A "serious" medical need exists if the failure to treat a prisoner's condition could result in further

5   significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974

6   F.2d 1059, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v.*

7   *Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (citing *Estelle*, 429 U.S. at 104). A prison official is

8   deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and

9   disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S.

10  825, 837 (1994). Failure to provide a system of ready access to adequate medical care, failure to

11  provide a medical staff competent to examine and diagnose inmates' problems and failure to treat

12  the problems or refer the inmates to others who could, for physical, dental and mental health

13  problems, are violations of the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th

14  Cir. 1982).

15       However, the complaint will be dismissed with leave to amend because it does not comply

16  with Rule 20 of the Federal Rules of Civil Procedure and because Plaintiff has only named Doe

17  defendants.

18       Rule 20(a)(2) of the Federal Rules of Civil Procedure provides that all persons "may be

19  joined in one action as defendants if: (A) any right to relief is asserted against them jointly,

20  severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or

21  series of transactions or occurrences; and (B) any question of law or fact common to all defendants

22  will arise in the action." Fed. R. Civ. P. 20(a)(2). The upshot of these rules is that "multiple

23  claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

24  unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

25  "Unrelated claims against different defendants belong in different suits." *Id.* Plaintiff's first claim

26  arises out of the use of excessive force by American Canyon police officers during his arrest while

27  his second claim arises out of the medical care provided (or not provided) by a physician at Napa

28  County Detention Center. These claims do not share a common question of law or fact. In his

4

1     amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction,

2     occurrence, or series of transactions or occurrences, **and** (b) present questions of law or fact

3     common to all defendants named therein. Plaintiff needs to choose the claims he wants to pursue

4     that also meet the joinder requirements set forth in Rule 20.

5           Plaintiff has not identified the defendants by name. As a general rule, the use of "John

6     Doe" to identify a defendant is not favored. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

7     1980). However, when the identity of alleged defendants is not known prior to the filing of a

8     complaint, the Ninth Circuit has held that the plaintiff should be given an opportunity through

9     discovery to identify the unknown defendants, unless it is clear that discovery would not uncover

10    the identities, or that the complaint should be dismissed on other grounds. *Wakefield v.*

11    *Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Because Plaintiff has not specifically named the

12    defendants responsible for the alleged violation, the Court cannot order service of the complaint.

13    In the amended complaint, Plaintiff should identify the Doe defendants. If he is unable to do so,

14    he should submit to the Court an explanation of what he has done to try and learn the Doe

15    defendants' names and why he has been unsuccessful.

16                                          **CONCLUSION**

17          For the foregoing reasons, the complaint is dismissed with leave to amend to address the

18    deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff

19    shall file an amended complaint. The amended complaint must include the caption and civil case

20    number used in this order, Case No. C 19-01072 HSG (PR) and the words "AMENDED

21    COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the

22    questions on the form in order for the action to proceed. Because an amended complaint

23    completely replaces the previous complaints, Plaintiff must include in his amended complaint all

24    the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*,

25    963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior

26    complaint by reference. If Plaintiff is unable to identify the Doe defendants, he must submit to the

27    Court an explanation of what he has done to try and learn the Doe defendants' names and why he

28    has been unsuccessful.

5

1     **Failure to file an amended complaint in accordance with this order in the time**

2 **provided will result in dismissal of this action without further notice to Plaintiff.**

3     The Clerk shall include two copies of the court's complaint form with a copy of this order

4 to Plaintiff.

5     **IT IS SO ORDERED.**

6 Dated:   5/1/2019

7 _____

8 HAYWOOD S. GILLIAM, JR.
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6